# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| BRITTANY SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-CV-05013-DGK ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Brittany Smith petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including a learning disorder, mood disorder, anxiety disorder, borderline personality disorder, obesity, migraines, and bilateral carpal tunnel syndrome, but retained the residual functional capacity ("RFC") to perform work as a janitor, laundry worker, or linen room attendant.

As explained below, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is therefore AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending applications on March 4, 2013, alleging a disability onset date of February 4, 2013. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. On June 23, 2014, the ALJ held a hearing and on

October 16, 2014, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 7, 2015, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred by failing to include in her RFC specific limitations identified by her therapist and, as a result, the ALJ's RFC findings were not supported by substantial evidence. This argument is without merit.

An RFC is the most a claimant can still do despite her physical or mental limitations. *See* 20 C.F.R. § 416.945(a)(1). An ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019 (8th Cir. 2002)). The list of acceptable medical sources includes licensed physicians, psychologists, and optometrists. 20 C.F.R. § 416.913(a). In addition to these acceptable medical sources, an ALJ may consider evidence from other sources, including nurse practitioners and social welfare agency personnel. *Id.* §§ 416.913(d)(1), (d)(3). An ALJ has discretion to consider opinions from these other sources "*so long as* [they are] not wholly inconsistent with other opinions." *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015).

Here, the ALJ considered five medical opinions[2] in formulating Plaintiff's RFC, including an "other source" opinion from Plaintiff's therapist, Beverly Harris, MSW, LCSW ("Harris"). Harris submitted a check-box form, on which she opined that Plaintiff was moderately limited in her abilities to: (1) complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without

---

[2] The ALJ gave great weight to medical expert Joseph Cools, Ph.D.'s opinion; partial weight to medical expert Anne Winkler, M.D.'s opinion; significant but partial weight to consultative examiner Amy Kay Cole, Ph.D.'s opinion; and little weight to treating psychiatrist Modasher Shah, M.D.'s opinion. R. at 25-26.

3

an unreasonable number and length of rest periods; and (2) accept instructions and respond appropriately to criticism from supervisors.[3] R. at 433-34. The ALJ gave the check-box form "some weight," noting that though Harris did "not provide a narrative basis for her opinion," the majority of the opinion was consistent with the record.[4] R. at 26. But, as Plaintiff highlights, the ALJ did not include the above limitations in Plaintiff's RFC, even after noting portions of Harris's check-box form were consistent with the record.[5]

Plaintiff is correct that the ALJ did not explicitly explain why he was not adopting Harris's opinion regarding these two limitations. The Court finds the ALJ did, however, adequately explain why he was affording Harris's opinion "some weight." *See Gregor v. Colvin*, 628 F. App'x 462, 463 (8th Cir. 2016) (finding that report from physician did not undermine ALJ determination "because it was a conclusory checkbox form that cited no medical evidence; provided little to no elaboration; and expressed limitations that were not reflected in treatment notes or medical records") (citing *Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012) (holding conclusory checkbox form has little evidentiary value when it provides little or no elaboration and cites no medical evidence)). The ALJ also discussed evidence relating to these limitations in several other portions of his decision, and afforded more weight to opinions contradicting Harris's findings. *See, e.g.*, R. at 25, 819 (affording great weight to Dr. Cools's opinion that Plaintiff would be able to "maintain a regular schedule," "relate effectively to small

---

[3] Harris also opined Plaintiff was moderately limited in the ability to: work in coordination with or proximity to others without being distracted by them; make simple work-related decisions; interact appropriately with the general public; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and respond appropriately to changes in the work setting. R. at 433-34.

[4] The ALJ specifically rejected Harris's opinion that Plaintiff was "markedly limited" in her ability to be independent. R. at 26; 434 ¶¶ 19-20. He also found that Plaintiff was "more limited in her ability to deal with the public than peers." R. at 26.

[5] The ALJ found Plaintiff had the residual functional capacity to "perform simple tasks that are not performed in a fast-paced production environment, or as an integral part of a team, and involve only simple, work-related decisions and in general, relatively few workplace changes" and "occasionally interact with co-workers," so long as she "avoid[s] interaction with the general public." R. at 21.

groups of familiar people," and "handle routine supervision"); R. at 26, 349 (affording significant weight to consultative examiner Dr. Cole's opinion that Plaintiff had no limitations in her ability to "[i]nteract appropriately with supervisor(s)" and co-workers, and finding that her opinion was "well-explained, well-supported by her examination findings, and . . . consistent with the record as a whole."); R. at 19, 276 (noting Plaintiff's report that she had "never been fired or laid off from a job because of problems getting along with other people"); R. at 24, 291 (discussing school records indicating Plaintiff "related adequately with adults and her peers"). Given the ALJ's discussion of these limitations elsewhere in his decision and the record evidence supporting rejection of these limitations, the Court finds the ALJ's failure to explicitly explain his rejection was harmless. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) ("To show an error was not harmless, [claimant] must provide some indication that the ALJ would have decided differently if the error had not occurred."); *Stark v. Colvin*, No. 4:15-CV-1463-ACL, 2016 WL 5470222, at *9 (E.D. Mo. Sept. 29, 2016) ("Although it would have been preferable for the ALJ to specifically state that he was discrediting [the doctor's] opinion regarding [a limitation,] this deficiency in the ALJ's opinion-writing technique does not warrant remand.").

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: <u>May 1, 2017</u>  /s/Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT